**WAYNE GREENWALD, P.C.**
Attorneys for the Debtor-Defendant,
Calvin Jackson
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922
Wayne M. Greenwald

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK
----------------------------------------------------------X
In re                                                                      Case No.: 12-13722-BRL

    CALVIN JACKSON,                                    Chapter 7

                                     Debtor.
----------------------------------------------------------X
HELEN BIGGETT                                               Adv No. 13-01688-BRL

                                     Plaintiff,
-against-

CALVIN JACKSON,

                                     Defendant.
-------------------------------------------------------------------X

### THE DEBTOR-DEFENDANT'S VERIFIED MOTION
### FOR ORDERS DISMISSING CLAIMS ASSERTED IN THE COMPLAINT
### <u>WITH POINTS AND AUTHORITIES</u>

TO:   HON.  BURTON R. LIFLAND
       UNITED STATES BANKRUPTCY JUDGE

13-01688-cgm    Doc 6    Filed 01/14/14    Entered 01/14/14 13:54:41    Main Document
　　　　　　　　　　　　　　　　Pg 2 of 12

## **PRELIMINARY STATEMENT**

1. The Debtor-Defendant, Calvin Jackson asks this Court to issue orders: a.) pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6), made applicable herein by Fed.R.Bankr.P. 7009 and 7012, granting him judgment dismissing Counts IV and VI asserted in the Complaint in this action (the "Complaint")[1] for failing to state claims for relief; and  b.) granting such other and further relief as this Court deems proper (the "Motion").

2. The Motion should be granted and Counts IV and VI asserted in the Complaint should dismissed for the following reasons:

   A.  The Complaint's IV, denial of discharge under Bankruptcy Code § 727(a)(4)(A), for knowingly and fraudulently, in or in connection with the case made a false oath or account, should be dismissed for failing to state a claim because:

   I.) it fails to allege facts showing that the Debtor:  a.) knew that the statement he made under oath was false; and b.)  made the statement with fraudulent intent case. *In re Hirsch*, 2009 WL 3297278 *3 (Bankr. E.D.N.Y.)

   B.  Count VI of the Complaint, denial of discharge under 11 U.S.C. §

---

[1] A copy of the Complaint is annexed hereto as Exhibit "A."

  727(a)(5) for failing to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtor's liabilities, should be dismissed for failing to state a claim because:

   I.) it fails to allege that the Debtor was asked to explain a loss or deficiency. *In re Scott*, 2003 WL 1343635, *2 (N.D.Cal.).

 C. Counts IV and VI of the Complaint are defective as they based in fraud, however, they lack the specificity required by Fed.R.Civ. P.(b) made applicable herein by Fed.R.Bankr.P. 7009, *Daly v. Castro Llanes*, 30 F.Supp.2d 407, 414 (S.D.N.Y.1998).

These matters are elucidated herein.

## BACKGROUND

3. The Debtor filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code on August 30, 2012.

4. Jil Mazer-Marino was appointed chapter 7 trustee in this case.

5. This action was commenced on November 20, 2013.

6. Annexed hereto as Exhibit "A" is a copy of the Complaint in this action.

7. This Court has jurisdiction over this motion, pursuant to 28 U.S.C. §§ 1334 and 157.

8. This motion is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

9. This Motion concerns a "public right."

10. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE COMPLAINT'S COUNTS IV AND VI SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(6) AND 9(b)

*Fed.R.Civ.P. 12(b)(6)*

11. Fed. R. Bankr. P. 7012 makes Fed. R. Civ. P. 12(b)(6) applicable to this adversary proceeding. Fed. R. Civ. P. 12(b)(6) authorizes this Court to dismiss the Complaint for "failure to state a claim for which relief can be granted."

12. To defeat a motion to dismiss under 12(b)(6), a complaint must set forth a "plausible entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Conceivable claims are no longer sufficient. *Bell Atl., Id.* at 570, 127

S.Ct. 1955 (complaint should be dismissed under 12(b)(6) where "plaintiffs ... have not nudged their claims across the line from conceivable to plausible"). As interpreted by the Second Circuit, the plausibility requirement does not create a heightened pleading standard, but rather a flexible standard that "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty,* 490 F.3d 143, 157–158 (2d Cir.2007); *see Bell Atl.,* 550 U.S. at 555, 127 S.Ct. 1955 ("Factual allegations must be enough to raise a right to relief above the speculative level."). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl., Id.* at 563, 127 S.Ct. 1955.

In assessing the adequacy of the complaint, the court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally."*Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir.2001) (*citing Tarshis v. Riese Org.,* 211 F.3d 30, 35 (2d Cir.2000)). The court's consideration is limited to the four

corners of the complaint; documents attached to the complaint as exhibits or incorporated in it by reference; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which he had knowledge, on which plaintiff relied in bringing suit. *Brass v. Am. Film Tech., Inc.,* 987 F.2d 142, 150 (2d Cir.1993). A motion to dismiss under 12(b)(6) requires the court to evaluate a complaint's legal feasibility, "not to assay the weight of the evidence which might be offered in support thereof." *Amalgamated Bank of N.Y. v. Marsh,* 823 F.Supp. 209, 215 (S.D.N.Y.1993) (*quoting Ryder Energy Distribution Corp.v. Merrill Lynch Commodities Inc.,*748 F.2d 774, 779 (2nd Cir.1984)).

*In re Khafaga* 419 B.R. 539, 545 (Bankr.E.D.N.Y 2009).

### *Fed.R.Civ.P. 9(b)'s Applies Here*

13. Superimposed on the pleading standard enforced by Fed.R.Civ.P. 12(b) is Fed.R.Civ.P. 9(b)'s requirement of particularity for its claims asserting fraud.

14. Each of the Complaint's claims incorporates the preceding allegations and claims.

15. Fraud is asserted at paragraphs numbered "71" through "80, '84," "95" through "98," "102," and "107" of the Complaint.

16. Each of the Complaint's counts "repeats and re-alleges" the allegations contained in the Complaint's preceding paragraphs.

17. Accordingly, Fed.R.Civ.P. 9(b)'s pleading requirement apply to the claims asserted in the Complaint. *Daly v. Castro Llanes*, 30 F.Supp.2d 407, 414 (S.D.N.Y.1998); *Sharp International Corp. v. State Street Bank & Trust Co.*, 302 B.R. 760, 770 (E.D.N.Y.2003).

### *Fed.R.Civ.P. 9(b)'s Standard:*

18. Fed. R. Civ. P. 9(b) requires that:

    > In all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity.

19. Particularity means "who, what, when, where and how...the first paragraph of any newspaper story." *In re Volpert*, 175 B.R. 247, 259 (Bankr. N.D. Ill. 1994) *citing*, *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

20. Mere conclusory allegations without a description of the underlying fraudulent conduct will not satisfy the requirements of Fed. R. Civ. P. 9(b). *Id.,* Citing, *Veal v. First Am. Sav. Bank*, 914 F.2d 909, 913 (7th Cir. 1990), *In*

*re Rifkin,* 142 B.R. 61, 65 (Bankr. E.D.N.Y. 1992).

21. A claimant "is required to allege facts and circumstances sufficient to warrant the pleaded conclusion that fraud has occurred." *In re Rosen*, 132 B.R. 679 (Bankr. E.D.N.Y. 1991), citing *Decker v. Massey*, 681 F.2d 111, 119 (2nd Cir. 1982).

22. This entails alleging: a.) specific facts; b.) sources that support the alleged specific facts; and c.) a basis from which an inference of fraud may be fairly drawn. *Id.*, *citing*, *Crystal v Foy*, 562 F.Supp. 422, 425 (S.D.N.Y. 1983), *Interconnect Telephone Services, Inc.,* 54 B.R. 859, 862 (Bankr. S.D.N.Y. 1985).

23. The Complaint's Counts IV and VI fail to allege facts and circumstances sufficient to warrant the pleaded conclusion that fraud has occurred or otherwise the pleading requirements for the relief sought. *In re Rosen*, 132 B.R. 679 (Bankr. E.D.N.Y. 1991), c*iting Decker v. Massey*, 681 F.2d 111, 119 (2nd Cir. 1982).

*Count IV Fails to State a Claim Under*
*11 U.S.C. § 727(a)(4)(A) - Denial of Discharge for*
*<u>Fraudulently Making a False Oath or Account</u>*

24. Claims for relief under 11 U.S.C. § 727(a)(4)(A) must allege that the: 1)

Debtor made a statement under an oath, 2) statement was false, 3) Debtor knew that the statement was false, 4) Debtor made the statement with fraudulent intent, and 5) statement related materially to the bankruptcy case. *In re Hirsch*, 2009 WL 3297278 3 at *5

25. For each of Mr. Jackson's alleged misstatements, Count IV of the Complaint fails to state facts showing that Mr. Jackson: a.) knew that the statement was false when it was made, and b. made the statement with fraudulent intent.

26. Accordingly, the Complaint's Count IV fails to state a claim for which relief can be granted.

27. It should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6).

*Count VI Fails to State a Claim Under*
*11 U.S.C.  727(a)(5) - Denial of Discharge for*
*Not Explaining Satisfactorily Any Loss of Assets or*
*Deficiency of Assets to Meet the Debtor's Liabilities*

28. Claims for relief under 11 U.S.C. § 727(a)(5) have three elements: a.) assets of the debtor that would be assets of the estate are missing; b.) the debtor was requested to explain the disposition of the missing assets; c.) the debtor has refused or failed to give a satisfactory answer. Aspen Publishers Bankruptcy Litigation and Practice: A Practitioner's Guide Chapter 9: Practical Bankruptcy Litigation Current through the 2013-1 Supplement §

9.17 PREVALENT ACTIONS: PRACTICAL APPLICATION.

29. The Complaint fails to allege that the Debtor was asked to explain a loss or deficiency. *In re Scott*, 2003 WL 1343635, *2 (N.D.Cal.). *In re Duncan*, 123 B.R. 383, 388 (Bankr. C.D. Ca. 1991)(Complaint's failure to allege an instance where debtor has not satisfactorily explained a reduction in assets, requires its dismissal) *In re Dillman*, 10 B.R. 541, 543 (Bankr. Ala. 1981)(Demand must be plead and proven.).

30. The Complaint fails to stated facts showing that Mr. Jackson was asked to explain the loss of missing assets or the deficiency of his assets to meet his liabilities.

31. This fatal flaw requires the Count VI's dismissal.

WHEREFORE, the Debtor requests that this Court grant this Motion and issue orders: a.) pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6), made applicable herein by Fed.R.Bankr.P. 7009 and 7012, granting him judgment dismissing Counts Two, IV and VI asserted in the Complaint in this action for failing to state claims for relief; and  b.) granting such other and further relief as this Court deems proper Dated: New York, New York
          January 14, 2014

WAYNE GREENWALD, P.C.
*Attorneys for the Debtor-Defendant,*
*Calvin Jackson*
at 475 Park Avenue So. - 26th Floor
New York, NY 10016

212-983-1922

By: /s/ Wayne M. Greenwald Officer
Wayne M. Greenwald

# VERIFICATION

Wayne M, Greenwald declares:

1. I am a the principal of Wayne Greenwald, P.C., attorneys for the Defendant herein.

2. I read the foregoing motion, know the contents thereof, and the factual statements therein are true and correct to the best of my knowledge, information and belief.

3. I declare the preceding statement of fact to be true and correct to the best of my knowledge information and belief, under penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: New York, NY
       January 14, 2014

                                                    /s/ Wayne M. Greenwald
                                                    Wayne M. Greenwald